**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Attorney ID No.: 36411
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com                              *Attorney for Plaintiff*

IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TABITHA BOYLE**<br>**2721 South 10th St.**<br>**Philadelphia, PA 19148**<br><br>Plaintiff,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA**<br>**26 Federal Plaza**<br>**New York, NY 16278**<br><br>Defendant. | NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff is Tabitha Boyle, an adult individual sui juris, who resides at 2721 South 10th St., Philadelphia, PA 19148.

2. Defendant is the United States of America ("United States") for purposes of this action and for notice, and is located at 26 Federal Plaza in New York, NY 16278, as the car driven by Defendant was by an FBI employee.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act, for an automobile accident which occurred in Philadelphia was committed by an agent working for the FBI in New York City, NY.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the federal law claims.

5. The venue in this district is proper pursuant to 32 C.F.R. §750.32, as Plaintiff resides in Philadelphia, PA, Philadelphia County.

6. Defendant, at all times relevant hereto, acted by and through, and is liable for its agents and agency of the FBI at 26 Federal Plaza, New York, NY 16278

7. The FBI is a federally funded governmental agency which at all times relevant hereto maintained its principal place of business at 26 Federal Plaza, New York, NY 16278.

8. It is believed and therefore averred that the FBI agent that caused this accident was under cover, and therefore, his name will not be mentioned herein.

## **FACTS**

9. On or about April 10th, 2019, at or about 1536 hours, Plaintiff was riding her motorcycle, proceeding south at around 8300 State Road in Philadelphia, PA.

10. At or about the same time, the operator of the vehicle driven by the FBI agent, was coming out of a parking lot onto the west side of State Road, going east at the time, and making a left-hand turn, striking Plaintiff on her motorcycle as it was proceeding southbound at the same area.

11. Plaintiff, Tabitha Boyle, was struck violently, thrown from her motorcycle, and suffered significant injuries.

12. Thereafter, Plaintiff Tabitha Boyle, was transported by ambulance to Torresdale Hospital, where she was admitted to the hospital.

13. Defendant was negligent, careless, and reckless in proceeding into the highway, making a left-hand turn without allowing Ms. Boyle to proceed southbound on State Road at or about the area of the accident.

14. Defendant's negligence, carelessness, and recklessness, consists of the following:

    a. Failure to yield the right of away to Captain Boyle, who was proceeding lawfully southbound on State Road.

    b. Making a left-hand turn without giving a clear way to Captain Boyle.

    c. Entering a crossroad highway without looking in both directions.

    d. Recklessly and carelessly driving the vehicle without due regard to the other vehicles on the road.

    e. Violating 75 Pa.C.S §3322 for vehicle turning left.

    f. Violating 75 Pa.C.S. §3324, a vehicle entering or crossing a roadway.

    g. Violating 75 Pa.C.S. §3714 for careless driving.

    h. Violating 75 Pa.C.S. §3736, reckless driving.

    i. And is otherwise negligent in law and fact.

15. After the accident, Captain Boyle was transported from the scene of the accident via EMS to Torresdale Hospital. At the hospital, she was identified as having a multi-system trauma after a motor vehicle collision with a motorcycle.

16. At the time, it was noted by the physicians at Torresdale Hospital that Captain Boyle was in pain, in traumatic shock, with obvious bilateral lower extremity injuries and deformities.

17. On arrival to the emergency room, the following injuries were noted: right chin abrasion, right hip deformity, abrasion to the anterior right knee and chin, right chin ecchymosis, and left anterior thigh ecchymosis with deformity.

18. X-rays, CAT scans, and MRI's performed while at Torresdale Hospital revealed a fracture of the left femur and a dislocation of the right hip, as well as other muscle, tendon, and ligament injuries.

19. On April 11, 2019, Captain Boyle underwent surgery to the fracture of her left femur, specifically the open reduction internal fixation with an intramedullary stabilization, which was performed by orthopedic surgeon, Matthew Craig.

20. Due to the intractable pain in her right hip, Captain Boyle suffered a fracture in her right acetabulum as well. Captain Boyle remained in Torresdale Hospital until April 17, 2019 recovering from surgery and was thereafter transferred to MaGee Rehabilitation for physical therapy and rehabilitation for her traumatic injuries resulting from this accident.

21. The Plaintiff was admitted to MaGee Rehab for comprehensive physical therapy and occupational therapy, due to the fracture of her left femur, acute blood loss, anemia, pneumonia, embolism, intractable pain and fracture of the right acetabulum, dislocation of the right hip, and surgery including ORIF of the left femur fracture.

22. Captain Boyle remained in McGee until April 29, 2019, whereupon she was instructed to go to Novacare Rehab to begin her physical and occupational therapy.

23. Captain Boyle continued with this therapy for an extensive period of time, and missed approximately six (6) months of work from the Philadelphia Fire Department.

24. As a result of the injuries sustained in this accident, Captain Boyle received medical and lost wage benefits in the amount of $146,598.93, which the compensation carrier has a lien for those bills.

25. As a result of the negligence, carelessness, and recklessness of the Defendant, Plaintiff, Captain Tabitha Boyle, suffered serious personal injuries that resulted in serious impairment of her bodily functions, which have been described more fully herein.

26. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, Plaintiff has been forced to undergo extensive and ongoing medical care in order to treat her injuries and faces the likelihood of future treatment all to her great financial detriment and loss.

27. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff sustained significant physical injuries, suffering, loss of life's pleasures, loss of earnings and or loss of earning capacity, and will continue to do so in the foreseeable future as a consequence of the above-stated injuries.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, and any other amount that this Honorable Court deems fit to award.

**McELDREW YOUNG**

By: _/s/ James J. McEldrew, III_
JAMES J. McELDREW, III, ESQUIRE

Date:   4/5/2021